IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KAMARCCUS JALEEL
WEBSTER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3211

Opinion filed May 10, 2016.

An appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, Miami, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant was convicted of one count of battery, one count of aggravated battery with great bodily harm by discharging a firearm, and two counts of

aggravated assault by threat with a firearm. We affirm these convictions without further comment but reverse and remand for resentencing pursuant to the Florida Supreme Court's recent decision in Williams v. State, 41 Fla. L. Weekly S73 (Fla. Mar. 3, 2016). Below, the trial court imposed consecutive mandatory-minimum sentences for the aggravated battery and aggravated assault offenses pursuant to this Court's case law interpreting the 10-20-Life statute. The court noted that such sentences were "required by law." Appellant's counsel acknowledged consecutive sentencing was required but nonetheless objected. Although the trial court was correct at the time, the supreme court subsequently held that consecutive sentences are permissible but not mandatory. See Williams, 41 Fla. L. Weekly at S74 ("If . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory. In other words, a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently.") (citations omitted). The State concedes that resentencing is proper in this case. As such, we affirm Appellant's convictions but remand for resentencing, at which time the trial court may determine whether to impose the mandatory-minimum portions of Appellant's sentences consecutively or concurrently.

AFFIRMED in part; REVERSED and REMANDED in part.

2

RAY, BILBREY, and JAY, JJ., CONCUR.